UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| D. A. RENNER,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-224 |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, D. A. Renner, on May 5, 2025. For the reasons set forth below, the decision of the Commissioner is **REMANDED**.

***Background***

The plaintiff, D. A. Renner ("Renner"), filed an application for disability insurance benefit and supplemental income under Titles II and XVI of the Social Security Act on August 26, 2022, alleging a disability onset date on May 1, 2020. (Tr. 183-189). The Social Security Administration ("SSA") initially denied Renner's claims and again on reconsideration on July 14, 2023. (Tr. 112; Tr. 123). Following a hearing, Administrative Law Judge ("ALJ") Terry Miller issued an unfavorable decision on March 14, 2024. (Tr. 7). The Appeals Council denied Renner's request for review on March 7, 2025, making the ALJ's decision the final decision of the Commissioner.

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act ("SSA"), the ALJ found that Renner had not engaged in substantial gainful activity since May 1, 2020. (Tr. 12).

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

At step two, the ALJ determined that Renner had the medically severe impairments of previous lumbar and cervical spine surgeries; lumbar and cervical facet arthropathy; cervical spine degenerative disc disease; multilevel lumbar disc degeneration; lumbar radiculopathy; chronic pain syndrome; and history of smoking/tobacco abuse with shortness of breath (20 CFR 404.1520(c)). (Tr. 12). The ALJ also found that Renner had the medically non-severe impairments of history of chronic diarrhea/malabsorption due to collagenous colitis; history of left-sided DeQuervain's tendonitis; and fracture of the base of the 5th metatarsal. (Tr. 12-13).

At step three, the ALJ concluded that Renner did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Following step three, the ALJ then assessed Renner's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk, in combination, for only 4 hours in of an 8-hour workday. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. He needs to avoid concentrated exposure to pulmonary irritants, including fumes, odors, dusts, gases, poorly ventilated areas, and chemicals.

(Tr. 17).

At step four, the ALJ found that Renner was capable of performing past relevant work as a vehicle leasing/rental manager, which would not necessitate activity outside the scope of his RFC. (Tr. 20).

At step five, the ALJ relied on vocational testimony and found that Renner could perform his relevant past work as a vehicle leasing/rental manager as generally executed. (Tr. 21). As a result, the ALJ found that Renner was not disabled, as defined in the Social Security Act. *Id.*

***Discussion***

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026); *Liapis v. Bisignano*, 180 F.4th 946, 950 (7th Cir. 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining

whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill***,** 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Renner has requested that the court remand this matter for additional proceedings. In his appeal, he challenges the ALJ's failure to resolve conflicting definitions between the Dictionary of Occupational Titles ("DOT") and vocational expert ("VE") testimony. The Commissioner maintains that there was no conflict between the DOT and the testimony, directing the court to the Oxford Dictionary.

ALJs are required, by statute, to dispose of any conflicts between VE testimony and the DOT. SSR 00-4p;[2] *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008); *see also Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2011). Renner argues that the ALJ failed to articulate how he could complete a job that necessitates six hours of standing/walking, despite the RFC limiting him to four hours of standing/walking time. The Commissioner relies upon the fact that the ALJ posed a hypothetical question to the VE that incorporated Renner's RFC standing/walking limit of four hours. [DE 25]. Without resolution of this conflict, the court does not have substantial evidence in support of the ALJ's decision.

In Renner's RFC, the ALJ limited Renner to "light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk, in combination, for only 4 hours in of an 8-hour workday." (Tr. 17). The VE later testified that Renner could perform a job that the DOT qualifies as requiring six hours of standing/walking time. The ALJ posed hypothetical questions to the VE, first asking if Renner's previous relevant work of a vehicle leasing/rental manager could be performed with a four-hour standing/walking limitation, and then asking if the work could be performed with a six-hour standing/walking limitation. (Tr. 81). The VE affirmed both that the job could be completed with both four or six hours of standing/walking limitations. *Id.*

---

[2] SSR 00-4p was rescinded by the Social Security Administration on January 6, 2025. However, this Social Security Ruling was applicable at the time of the ALJ's decision, and federal courts are to apply the rules and regulations in effect at the time the final decision was rendered. SSR 24-3p n.1.

According to the DOT, a vehicle leasing/rental manager[3] is a light exertion job, requiring a "significant degree" of walking or standing. The Social Security Administration uses the same definition of "light work" as 20 C.F.R. § 404.1567, which notes that light work requires six hours of standing or walking. The ALJ identified that there was no objection from Renner's counsel and that the VE was a qualified expert. Whether the VE is an expert or qualified is not relevant to the issue for review. The VE's credentials do not relieve the ALJ of his statutory obligations. Even though the ALJ posed the hypothetical about 4-hour standing/walking limitation, the definitions are contradictory, and the ALJ had a duty to rectify the inconsistency.

The requisite standard for an ALJ's evaluation is that it must be "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2023) (quoting *Moore*, 743 F.3d at 1121). Here, the court is unable to analyze the ALJ's assessment because of his failure to comply with the statute. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (the Circuit will reverse an ALJ's determination "only if the record compels a contrary result"). "Remand is necessary so the ALJ may comply with the Dictionary of Occupational Titles or demonstrate some evidentiary basis to explain why the vocational expert is better qualified to opine on the question than that publication's authors." *Konda D. v. Saul*, 421 F.Supp.3d 599, 611 (N.D. Ind. Oct. 21, 2019).

The Commissioner argues that there is no legitimate conflict between the DOT and the VE's testimony. The Commissioner suggests that work is "light" "when it requires walking or standing to a significant degree."[4] In furthering this point, the Commissioner directs the court to the Oxford Dictionary for the definition of "significant." The parties do not dispute that the DOT

[3] DOT No. 187.167-162.
[4] DOT No. 187.167-162.

does not trump the VE's testimony and that the ALJ may draw from multiple sources. However, the ALJ is still statutorily obligated to resolve conflicts in testimony or definitions.
20 C.F.R. § 404.1560(b)(2). The Commissioner's suggestion that four hours of standing/walking time is "significant" is disingenuous. Why the Commissioner even directs the court to an outside dictionary, when the Commissioner's own federal agency, that promulgates its own rules and regulations, has itself defined "light work," the court does not know. As previously stated, the Social Security Administration advises that "light work" has the same meaning as found within the DOT. 20 C.F.R. § 404.1567.

The Commissioner maintains that the ALJ found Renner could perform a reduced range of work (four hours of standing/walking time) rather than the full range (six hours of standing/walking time). Again, this does not satisfy the ALJ's statutory obligation. The Commissioner is now attempting to explain the ALJ's decision by adding arguments and clarification that was not contained in the ALJ's evaluation.

***Conclusion***

Accordingly, the court **REMANDS** the Commissioner's decision.

ENTERED this 23rd day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge